## Case No. 14,224.

TUCKER et al. v. MAXWELL.

[2 Blatchf. 517.] 1

Circuit Court, S. D. New York. Nov., 1852.

CUSTOMS DUTIES—PROTEST—WHAT TO BE STATED —APPRAISED VALUE — MARKET VALUE— PURCHASE PRICE.

1. Under a protest against the payment of duties and of a penalty, which only sets out that the entry invoice is in all respects correct and just, and that no legal forfeiture or penalty has been incurred, the invoice value of the goods having been increased on an appraisement, no question can be raised, in an action to recover back the duties and penalty, except as to the difference between the appraised and the market value of the goods at the place of shipment at the date of the invoice; nor can it be shown that the invoice value was the actual purchase-price.

2. What should be stated in such a protest, defined.

This was an action against [Hugh Maxwell] the collector of the port of New York, to recover back an alleged excess of duties and a penalty. A verdict was taken for the plaintiffs [Robert A. Tucker and Alpheus Lightbourne], subject to the opinion of the court.

Thomas W. Tucker, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

[Reported by Samuel Blatchford, Esq., and here reprinted by permission.].

BETTS, District Judge. The plaintiffs moved for and obtained a rehearing of this case, and have submitted, in writing, the points upon which they ask a review of our previous decision. We have attentively considered the points and the reasons presented. The plaintiffs, on the 29th of October, 1849, entered, at the custom house in New York, 640 bags of pimento imported from St. Ann's Bay, in the island of Jamaica. The invoice was dated St. Ann's Bay, October 5th, 1849, and the pimento was valued on that and on the entry, at 2¾d. sterling per pound. The pimento was appraised by merchant appraisers on the 3d of November, 1849, at 3¼d. sterling per pound. Duties were charged conformably to that valuation, and a penalty or additional duty of $1,020 was imposed because of the undervaluation upon the invoice. Against the exaction of the duty on the increase in valuation and of the penalty, the plaintiffs protested, in writing, in this language: "That the said invoice, as originally presented by us, is in all respects correct and just," and that "no legal forfeiture or penalty has been incurred."

On the trial, the plaintiffs proved that they purchased the pimento in the summer of 1849, and that the invoice price was the fair market value of the article at that time. It was further proved that the price advanced in October following. No evidence was given, on the trial, that the appraised valuation exceeded the market price at St. Ann's Bay at the date of the invoice, other than what is to be implied from the proof that in October the price had advanced to 3d. sterling per pound at that place, and that the article was then worth ¼d. sterling more at Kingston.

We held, at the last term, that the protest would not authorize the plaintiffs to recover back any thing beyond the difference between the appraised and the market value of the pimento at the time it was invoiced. And, even as to that fraction of ¼d. sterling per pound, there was no clear and satisfactory evidence to outweigh the judgment of the public appraisers. supported by the valuation of merchant appraisers. Indeed, the only direct evidence to the point is a different valuation of the article by the Baltimore appraisers, on an importation into that port, of pimento purchased and shipped at St. Ann's Bay about contemporaneously with the shipment of the parcel in question.

We adhere to our former opinion, and hold further, that the plaintiffs cannot recover the duties paid on the ¼d. sterling per pound extra, supposing the appraisement to have been to that amount above the market value at the date of the invoice, because they did not specify in the protest that cause of objection. Had that particular been brought to the notice of the collector, he might have ordered a reconsideration of the subject, and the importer might have been relieved from the improper charge; or, if justice had been

denied him at the custom house, he would then have had a legal foundation for an action to recover back the excess of duty.

The plaintiffs offered in evidence, on the trial, a letter written to the collector by the merchant appraisers, on the 27th of November, 1849, in which they asked him to re-appraise the pimento, on the ground that a like article had been entered and appraised in Baltimore at 2½d. sterling per pound, and that the information on which they acted in their appraisement might not have been so reliable as the evidence adduced at Baltimore, and that injustice might have been done to the plaintiffs in their valuation. That evidence was excluded by the court, and we think it was properly rejected, as there was no color for holding it to be legal testimony in the cause. It was not brought to the attention of the collector when the duties were liquidated on the 29th of December, 1849, nor when they were paid on the 12th of January, 1850, and can, therefore, in no way be considered as forming part of the protest or notice in writing to him So, also, it is manifestly out of our power, on this re-argument of the case, to notice the letter, if it might be regarded as legal evidence, no exception having been taken at the trial to the exclusion of the letter. We can only pass upon the evidence presented by the case agreed between the parties, and we discover nothing in that to support the allegation of the plaintiffs that the appraisers overvalued the pimento. We think, therefore that in so far as respects the appraisement and the proceedings of the collector thereon, the plaintiffs make out no legal ground for reclaiming the moneys paid by them.

The plaintiffs further protested against the imposition and exaction of duties upon the invoice weight of the merchandise, and insisted that the same should be imposed upon the actual real weight thereof which was ascertained by the custom-house weigher or other officer of the government. We find no evidence in the case showing that any difference in weight between the invoice statement and that of the custom-house existed in respect to the pimento. The court cannot assume that there was such difference, and they offer no opinion as to what would have been the effect of such difference, if one had been proved.

A further protest was added "against the imposition and exaction of any duties or penalty upon said merchandize whatever, the same being actually exported in bond." We find no evidence of that fact in the case. It is set forth in the petition for a re-hearing, but is in no way admitted by the United States attorney. He declined to appear on the re-argument, stating to the court that he relied upon his previous argument and the decision of the court at the last term. We are not, therefore, at liberty to act upon the allegation of the protest, or the re-statement of the fact in the petition for a re-argument.

The plaintiffs should have shown on the trial the facts which would bring their importation within the act excepting it, on re-exportation, from payment of duties at all, and then the protest would have brought up the objection now raised. The documents put in evidence only prove that the goods were entered for warehousing on the 29th of October, 1849, and that the duties were liquidated on the 29th of December, 1849, and paid on the 12th of January, 1850, under the above protest, but they nowhere prove the fact of re-exportation, or that the satisfactory security required by the act of congress, that the goods should be landed out of the jurisdiction of the United States, was given to the collector.

Judgment for the defendant.